IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

QUINCY L. SELLERS,

        Petitioner,

        v.

SUPERINTENDENT, CLINTON CORRECTIONAL
FACILITY,

        Respondent.

Civil Action No.
9:04-CV-490 (TJM/DEP)

---

APPEARANCES:                      OF COUNSEL:

FOR PETITIONER:

QUINCY L. SELLERS, *pro se*
Dannemora, NY 12929

FOR RESPONDENT:

HON. ELIOT SPITZER              LUKE MARTLAND, ESQ.
Office of Attorney General          Ass't Attorney General
New York State Attorney General
120 Broadway
New York, NY 10271

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

    Petitioner Quincy L. Sellers, a New York State prison inmate as a result of a state court conviction for attempted robbery in the first degree, has commenced this proceeding seeking federal habeas relief pursuant to

28 U.S.C. § 2254. In his petition, Sellers has asserted three separate grounds for habeas relief, including, *inter alia*, ineffective assistance of counsel.

Now pending before the court in connection with this proceeding is a motion for summary judgment seeking dismissal of Sellers' petition, based upon his alleged failure to properly present his claims to the state courts before seeking federal habeas intervention. For the reasons that follow, I recommend that respondent's motion be granted, and Sellers' petition dismissed.

I.      BACKGROUND

The record now before the court reveals few details regarding the factual underpinning for petitioner's conviction. What little is known includes the fact that in August of 2003, petitioner was convicted in Onondaga County, apparently as a result of the entry of a guilty plea, of attempted robbery in the first degree. As a result of that conviction, Sellers was sentenced to a period of incarceration of three and one-half years, and is presently serving that sentence at the Clinton Correctional Facility, located in Dannemora, New York.

There is no indication in Sellers' form petition of whether any direct

appeal was taken from his judgment of conviction. Sellers' petition similarly fails to reference any collateral challenges to his conviction, whether in the form of a motion under N.Y. Criminal Procedure Law § 440.10, by way of a petition for a writ of error *coram nobis*, or otherwise.[1] Dkt. No. 1.

## II.   PROCEDURAL HISTORY

Petitioner commenced this proceeding on May 3, 2004. Dkt. No. 1. In lieu of answering Sellers' petition, respondent instead filed a motion on July 27, 2004 seeking its dismissal based upon petitioner's failure to exhaust available state court remedies before initiating habeas proceedings in this court. Petitioner failed to respond to that motion.

In light of the petitioner's *pro se* status and the uncertainty surrounding his claim that he was denied the right to appeal his conviction, in conjunction with the submission by respondent of materials outside of the pleadings, by order dated November 10, 2004 I converted respondent's dismissal motion to one for summary judgment and gave

---

[1] Although Sellers' petition does list a state petition apparently filed under section 180.80 of the N.Y. Criminal Procedure Law and described as a "habeas petition", Petition (Dkt. No. 1) at 3, section 180.80 has no applicability in the case of a convicted defendant seeking state court post-conviction relief, instead addressing relief for pre-trial detainees.

3

petitioner additional time to submit any materials to illuminate the issue of his efforts to exhaust his administrative remedies. Dkt. No. 11. On February 7, 2005, the court received petitioner's response to the pending motion. Dkt. No. 13.

Respondent's motion, as converted, is now before me for the issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.3(c). *See also* Fed. R. Civ. P. 72(b).

III. DISCUSSION

A. Standard Of Review

Since my conversion of respondent's motion to one for summary judgment, that motion now implicates Rule 56 of the Federal Rules of Civil Procedure.[2] Summary judgment is warranted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

---

[2] As was noted in my prior order, Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to petitions filed under these rules." Foll. 28 U.S.C. § 2254 Rule 11; *see also* Fed. R. Civ. P. 81(a)(2); *Harris v. Nelson*, 394 U.S. 286, 299, 89 S. Ct. 1082, 1090 (1969).

matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S. Ct. 2505, 2509-10 (1986); *Security Insurance Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 82-83 (2d Cir. 2004). When summary judgment is sought, the moving party bears an initial burden of demonstrating that there is no genuine dispute of material fact to be decided with respect to any essential element of the claim in issue; the failure to meet this burden warrants denial of the motion. *Anderson*, 477 U.S. at 250 n.4, 106 S. Ct. at 2511 n. 4; *Security Insurance*, 391 F.3d at 83.

In the event this initial burden is met, the opposing party must show, through affidavits or otherwise, that there is a material issue of fact for trial.[3] Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553; *Anderson*, 477 U.S. at 250, 106 S. Ct. at 2511. When deciding a summary judgment motion, the court must resolve any ambiguities, and

---

[3] A material fact is genuinely in dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510. Though *pro se* plaintiffs are entitled to special latitude when defending against summary judgment motions, they must establish more than merely "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986); *but see Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620-21 (2d Cir. 1999) (noting obligation of court to consider whether *pro se* plaintiff understood nature of summary judgment process).

draw all inferences from the facts, in a light most favorable to the nonmoving party. *Wright v. Coughlin*, 132 F.3d 133, 137-38 (2d Cir. 1998). Summary judgment is inappropriate where "review of the record reveals sufficient evidence for a rational trier of fact to find in the [non-movant's] favor." *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002) (citation omitted); *see also Anderson*, 477 U.S. at 250, 106 S. Ct. at 2511 (summary judgment is appropriate only when "there can be but one reasonable conclusion as to the verdict.").

    B.    <u>Merits of Respondent's Motion</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), requires that before a state inmate may petition for habeas review under 28 U.S.C. § 2254, he or she must first exhaust all available state court remedies or, alternatively, demonstrate that "there is an absence of available State corrective process [or that] circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1); *see also Fama v. Commissioner of Corr. Servs.*, 235 F.3d 804, 808 (2d Cir. 2000) (quoting § 2254). The petitioner bears the burden of demonstrating that he or she has exhausted available state remedies

before petitioning for habeas relief. *United States ex rel. Cuomo v. Fay*, 257 F.2d 438, 442 (2d Cir. 1958); *Geraci v. Sheriff, Schoharie Cty. Jail*, No. 9:99-CV-405, 2004 WL 437466, at *4 (N.D.N.Y. Feb. 20, 2004) (Sharpe, J.) (citing, *inter alia*, *Cuomo*); *Colon v. Johnson*, 19 F.Supp.2d 112, 119-20 (S.D.N.Y. 1999) (same).

Federal habeas claims asserted by state inmates are deemed exhausted only after having been "fairly presented" to the highest court of the state involved. *Fama*, 235 F.3d at 808-09 (citing *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 512 (1971)). Although both federal and state courts are charged with securing a state criminal defendant's federal rights, the state courts must initially be given the opportunity to consider and rectify any violations of federal law. *Daye v. Attorney General of New York*, 696 F.2d 186, 191 (2d Cir. 1982). "The chief purposes of the exhaustion doctrine would be frustrated if the federal habeas court were to rule on a claim whose fundamental legal basis was substantially different from that asserted in state court." *Glover v. Bennett*, No. 98-CV-0607, 1998 WL 278272, at *1 (N.D.N.Y. May 21, 1998) (Pooler, D.J.) (quoting *Daye*, 696 F.2d at 192) (footnote omitted).

In support of his motion respondent convincingly argues that by all

accounts, the petitioner failed to exhaust any of the various available state court remedies before commencing this proceeding for federal habeas intervention. A search by respondent's counsel, for example, revealed no indication that a notice of appeal was ever filed by or on behalf of Sellers, following the entry of his judgment of conviction on August 5, 2003. *See* Martland Decl. (Dkt. No. 8) ¶ 5. Moreover, the petition itself is silent on the question even though the form on which it was submitted requests information regarding any appeal from the conviction under review. Petition (Dkt. No. 1).

Respondent's contention that petitioner has failed to meet the AEDPA's requirement that he exhaust available state court remedies finds further support in both Sellers' petition and his response to respondent's motion. While Sellers has argued in his petition that he was denied the right to take a direct appeal, a measure which could potentially have satisfied his exhaustion requirement, liberally construed, this claim potentially implicates ineffective assistance of appellate counsel – an independent constitutional claim which must be asserted in the state courts through petition for writ of error *coram nobis* before such a claim may properly be considered as a potential "cause" for failure to exhaust.

*Sweet v. Bennett*, 353 F.3d 135, 142 n.7 (2d Cir. 2003) (citing, *inter alia*, *Edwards v. Carpenter*, 529 U.S. 446, 451-52, 120 S.Ct. 1587 (2000) and *People v. Bachert*, 69 N.Y.2d 593, 516 N.Y.S.2d 623, 509 N.E.2d 318 (1987)). And, although Sellers' submission in response to respondent's motion appears to indicate attempts on his part to obtain an extension of time to appeal his conviction in the state courts, there is no indication that he has actually perfected such an appeal or has addressed his concerns regarding the sufficiency of the legal assistance received by him by way of an application for *coram nobis* relief.[4]

Having considered the parties' submissions, I find that petitioner has failed to sustain his burden of proving compliance with the AEDPA's exhaustion requirement, and that his petition is subject to dismissal on this basis. Were the court to dismiss Sellers' petition in order to allow him to return to state court for the purpose of exhausting his remedies, such a dismissal, even if granted without prejudice, would be fatal to his federal habeas claims since he would be time-barred from bringing a subsequent habeas petition in this court. Petitioner's state court conviction became

---

[4] At the very minimum, a writ of *coram nobis* remains available to the petitioner, since under New York law there is no time limit for petitioning for such relief. *Hust v. Costello*, 329 F.Supp.2d 377, 379 (E.D.N.Y. 2004).

9

final, for habeas purposes, and the governing limitation period began running, on September 4, 2003, when the time for filing a direct appeal – in this instance, thirty days from the entry of a final judgment of conviction, *see* N.Y. Criminal Procedure Law § 460.10(1)(a) – passed without the filing and perfection of a direct appeal. *Cabrera v. New York*, No. 03 Civ. 4692, 2004 WL 759309, at *2 (S.D.N.Y. Mar. 30, 2004); *see also Fournier v. Burburay*, No. 9:99-CV-1488, Dkt. Nos. 28, 30 (N.D.N.Y. 2003) (Mordue, D.J. and Peebles, M.J.); *Harrison v. Shannon*, No. 02-CV-438, 2003 WL 23198848, at *2 (E.D.N.Y. Dec. 2, 2003). Although Sellers commenced this proceeding on May 3, 2004, and thus within a year after that date, he is not entitled to tolling of the statute of limitations during the pendency of the proceeding. *Duncan v. Walker*, 533 U.S. 167, 181-82, 121 S. Ct. 2120, 2129 (2001). It therefore appears that the prevailing AEDPA limitations period expired on September 4, 2004, while the instant petition was pending before this court.

In *Rodriguez v. Bennett*, the Second Circuit noted that dismissing a timely filed habeas petition "without prejudice" for failure to exhaust state court remedies would be an "illusion" where a "petitioner could never succeed in timely refiling the petition because he would already be

time-barred." 303 F.3d 435, 439 (2d Cir. 2002). In such a situation, the court noted, a petitioner may be entitled under appropriate circumstances to equitable tolling for a subsequently filed habeas petition. *Id.*

When a "mixed" habeas petition – that is, one which contains both exhausted and unexhausted claims – is before a court, the court is invested with jurisdiction, and may appropriately enter a stay of the proceeding to allow petitioner to exhaust his claims in state court. *See Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir.), *cert. denied*, 534 U.S. 1015, 122 S. Ct. 506 (2001) (recommending that district courts stay "mixed" petitions while petitioners exhaust state court claims in order to avoid statute of limitations problems). Unlike the situation presented in *Zarvela*, none of Sellers' claims appear to have been exhausted. For this reason the court lacks jurisdiction over the petition altogether, and consequently is not empowered to stay the proceeding while the petitioner pursues his claim in state court. *See Huff*, 329 F.Supp.2d at 380. As was observed by one district court in this circuit, if courts were to stay completely unexhausted habeas petitions in order to allow petitioners to avoid untimeliness issues under the AEDPA, "[o]nce prison grapevines got wind of this beneficial procedure, federal court would be turned into a

11

'jurisdictional parking lot' for unexhausted claims." *Baity v. McCary*, No. 02 Civ.1817, 2002 WL 31433293, at *2 (citations omitted); *see also*, *e.g.*, *Huff*, 329 F.Supp.2d at 380 (citing *Baity*).

In sum, I find that petitioner has failed to satisfy his burden to show his exhaustion of available state court remedies prior to seeking habeas relief from this court, and therefore recommend that respondent's motion for summary judgment be granted and Sellers' petition dismissed.  I further recommend that the dismissal be without prejudice to petitioner's right to file a new habeas petition, after complying with the AEDPA's exhaustion requirement, and to argue in that proceeding that the petition, though otherwise untimely, should be entertained based upon equitable tolling of the AEDPA statute of limitations.  *See*, *e.g.*, *Huff*, 329 F.Supp.2d at 380.

IV.   SUMMARY AND RECOMMENDATION

Based upon petitioner's failure to demonstrate that the claims set forth in his petition have been fairly presented to the state courts, I recommend dismissal of his petition.  I further recommend that the dismissal be without prejudice since, although any subsequently-filed petition would be facially untimely, petition may be able to argue and

establish a basis for equitable tolling.

Based upon the foregoing, it is hereby

RECOMMENDED, that respondent's motion (Dkt. No. 8) be GRANTED, and the petition DISMISSED in its entirety, without prejudice.

NOTICE: pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report-recommendation. Any objections shall be filed with the clerk of the court. FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

ORDERED, that the clerk of the court serve a copy of this order upon the parties by electronic mail.

Dated:   March 21, 2005
         Syracuse, NY

David E. Peebles
U.S. Magistrate Judge

G:\ISSUES\habeas corpus\exhaustion of remedies\Sellers\Sellers2.wpd